# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT J. SCHINDLER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 5805 |
| | ) | |
| v. | ) | Judge Amy St. Eve |
| | ) | |
| MARRIOTT INTERNATIONAL, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The Court grants in part and denies in part Defendant's Federal Rule of Civil Procedure 12(b)(6) motion to dismiss.  [21].  Also, the Court grants Defendant's Rule 12(f) motion to strike.   Status hearing set for May 31, 2018 is stricken and reset to May 15, 2018 at 8:30 a.m.  Plaintiff is given leave to participate in the status hearing via telephone.  Plaintiff is directed to provide the courtroom deputy with his contact telephone number by May 14, 2018.

## STATEMENT

On August 9, 2017, pro se Plaintiff Robert Schindler filed the present employment discrimination lawsuit against Defendant Marriott International, Inc. ("Marriott" or "Defendant") pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*[1]  Before the Court is Defendant's motion to dismiss under Rule 12(b)(6) and Rule 12(f) motion to strike.  For the following reasons, the Court grants in part and denies in part Defendant's motion to dismiss.  The Court also grants Defendant's Rule 12(f) motion to strike.  The remaining claims in this lawsuit include:  (1) Plaintiff's failure to hire claim; and (2) his retaliation claim.

## LEGAL STANDARD

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted."  *Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 736 (7th Cir. 2014); *see also Hill v. Serv. Emp. Int'l Union,* 850 F.3d 861, 863 (7th Cir. 2017).  Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Pursuant to the federal pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

---

[1] After pro se Plaintiff Robert Schindler filed the present lawsuit, the Executive Committee for the Northern District of Illinois determined that Mr. Schindler is a restricted filer who must obtain approval from the Executive Committee before filing any new lawsuits.  *In re Robert Schindler*, 17 C 6679 (Sept. 21, 2017).

Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). When determining the sufficiency of a complaint under the plausibility standard, courts accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff's favor. *See Forgue v. City of Chicago*, 873 F.3d 962, 966 (7th Cir. 2017). Moreover, courts construe pro se filings liberally. *Echols v. Craig*, 855 F.3d 807, 812 (7th Cir. 2017).

## PROCEDURAL BACKGROUND

Pro se Plaintiff has filed numerous lawsuits in this district, including *Schindler v. Marriott Renaissance Schaumburg Convention Center Hotel*, Case No. 14 C 4392 (N.D. Ill. June 12, 2014) (the "2014 lawsuit").[2] His 2014 lawsuit was based on an EEOC Charge dated May 17, 2013, and corresponding right-to-sue letter dated March 13, 2014. Judge Pallmeyer was the presiding judge in this earlier lawsuit brought pursuant to the ADA, and on July 16, 2015, she dismissed the case without prejudice based, in part, on pro se Plaintiff's refusal to respond to Defendant's written discovery requests. In a July 16, 2015 minute order, Judge Pallmeyer directed pro se Plaintiff to file a motion to reinstate the case within fourteen days, but required Plaintiff to provide "full and complete responses to the discovery requests and interrogatories" when doing so. Instead of moving to reinstate the case, Plaintiff filed a notice of appeal on July 22, 2015. On May 6, 2016, the United States Court of Appeals for the Seventh Circuit issued an order affirming the judgment of the district court. In that order, the Seventh Circuit warned pro se Plaintiff that "pursuit of additional frivolous litigation in this court may subject him to monetary sanctions."

## FACTUAL BACKGROUND

Pro se Plaintiff filed the present lawsuit on August 9, 2017 based on an EEOC Charge dated September 22, 2016, and a corresponding right-to-sue letter dated May 8, 2017. (R. 12, Compl. ¶ 7.1(i), Attach. 9-10.) Construing pro se Plaintiff's allegations liberally, in the present Complaint, Plaintiff sets forth the same allegations that he brought in his earlier 2014 lawsuit, including that in the fall of 2012, he applied for a bar attendant position with Defendant's Renaissance Schaumburg Convention Center Hotel and was hired. Plaintiff, who is visually impaired, alleges that Defendant did not conduct a proper orientation for him and that in January 2013, Defendant terminated his employment. Plaintiff alleges additional facts in relation to his termination in January 2013 – which was the subject of his earlier 2014 lawsuit.

Nonetheless, Plaintiff's new lawsuit and 2016 EEOC Charge concern Defendant's failure to hire him based on his disability – as recently as August 26, 2016. He also brings a retaliation

---

[2] *See, e.g., Schindler v. Macy's Retail Holdings, Inc.*, Case No. 16 C 6271 (closed Mar. 4, 2017); *Schindler v. Advocate Healthcare*, Case No. 15 C 9674 (closed Mar. 8, 2016); *Schindler v. TJX Co., Inc.*, Case No. 15 C 8958 (closed Dec. 14, 2016); *Schindler v. Advocate Healthcare*, Case No. 14 C 4508 (closed July 30, 2014); *Schindler v. Advocate Healthcare,* Case No. 14 C 0880 (closed Sept. 4, 2014), *Schindler v. Bd. Trs. of Univ. of Ill.,* Case No. 08 C 6703 (closed Aug. 20, 2009).

claim based on his earlier-filed 2013 EEOC Charge and 2014 lawsuit. Plaintiff maintains that he has applied for over a thousand jobs via Defendant's corporate website, along with sending resumes and cover letters to Marriott properties across the Chicago area, yet Defendant did not hire him. He seeks $2 million in damages.

## ANALYSIS

In bringing this lawsuit, pro se Plaintiff used the Northern District of Illinois' form for employment discrimination cases, and in doing so, he checked the box that Defendant had terminated his employment, along with the failure to hire, retaliation, and reasonable accommodation boxes. According to Plaintiff's first lawsuit and corresponding 2013 EEOC Charge, Defendant terminated Plaintiff's employment on January 1, 2013 – which was the subject of Plaintiff's 2014 lawsuit. Thus, Plaintiff's termination claim in the present lawsuit is not within the scope of his 2016 EEOC Charge. *See Sommerfield v. City of Chicago,* 863 F.3d 645, 648 (7th Cir. 2017); *Huri v. Chief Judge of the Circuit Court of Cook Cnty.*, 804 F.3d 826, 832 (7th Cir. 2015). Also, the Court dismisses Plaintiff's termination claim based on issue preclusion due to the earlier 2014 lawsuit. *Sanchez v. City of Chicago*, 880 F.3d 349, 357 (7th Cir. 2018) ("courts, in the interest of judicial economy, may raise the issue of preclusion sua sponte even when a party fails to do so."); *see also Conner v. Mahajan*, 877 F.3d 264, 270 (7th Cir. 2017). The Court therefore dismisses Plaintiff's termination claim from this lawsuit with prejudice.

Next, Defendant argues that Plaintiff's retaliation claim is barred by the doctrine of laches and judicial estoppel because Plaintiff brought this same claim in his 2014 lawsuit. Examining his pro se filings liberally, Plaintiff's present Complaint and 2016 EEOC Charge indicate the protected activities related to his new retaliation claim are the 2013 EEOC Charge and 2014 lawsuit. In short, Plaintiff is alleging that Defendant did not hire him in retaliation for his earlier-filed EEOC Charge and lawsuit. *See Greengrass v. Int'l Monetary Sys. Ltd.*, 776 F.3d 481, 485 (7th Cir. 2015) (filing an EEOC Charge is "the most obvious form of statutorily protected activity.") (citation omitted). Therefore, this claim is a new claim brought for the first time in this lawsuit – despite Defendant's arguments to the contrary.

Plaintiff, however, makes no mention of his new failure to accommodate claim in his 2016 EEOC Charge. Although a plaintiff may pursue a claim not explicitly included in an EEOC Charge, the claim must be like or reasonably related to the claims in the EEOC Charge. *See Sommerfield,* 863 F.3d at 648. Courts consider claims reasonably related when "there is a factual relationship between them[.]" *Id.* (citation omitted). At minimum the EEOC Charge and the complaint must implicate the same individuals and describe the same conduct. *Huri*, 804 F.3d at 831-32. Viewing his pro se EEOC Charge in his favor, there is no mention of how Defendant failed to accommodate Plaintiff while Plaintiff applied for jobs that form the basis of his failure to hire claim. In short, Plaintiff's 2016 EEOC Charge does not even hint at any failure to accommodate allegations. *See, e.g., Bilal v. Rotec Indus., Inc.*, 326 Fed. Appx. 949, 954 (7th Cir. 2009) (unpublished); *Romaniszak-Sanchez v. Int'l Union of Operating Eng'g, Local 150,* 121 Fed. Appx. 140, 147 (7th Cir. 2005) (unpublished). As such, the Court grants Defendant's motion to dismiss Plaintiff's reasonable accommodation claim based on his failure to properly exhaust his administrative remedies.

Further, the Court grants Defendant's Rule 12(f) motion to strike all allegations relating to pro se Plaintiff's 2014 lawsuit over which Judge Pallmeyer presided, as well as claims concerning other employers besides Defendant. *See Delta Consulting Grp., Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009) ("Rule 12(f) provides that a district court 'may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'"). Plaintiff cannot re-ligate his 2014 lawsuit in the present lawsuit because the Seventh Circuit affirmed Judge Pallmeyer's dismissal on May 6, 2016. That case is over.

Last, "[t]here is no right to court-appointed counsel in federal civil litigation," *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), and the Court has discretion to request that an attorney represent an indigent litigant on a volunteer basis under 28 U.S.C. § 1915(e)(1). In making the decision whether to recruit counsel, the Court must engage in a two-step analysis: (1) has the plaintiff made a reasonable attempt to obtain counsel on his own behalf or been effectively precluded from doing so; and, if so, (2) given the factual and legal complexity of the case, does this particular plaintiff appear competent to litigate the matter himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc).

Pro se Plaintiff has had ample litigation experience in this court, and, as Judge Pallmeyer recognized in his 2014 lawsuit, "[t]he court is confident that Mr. Schindler, who has past litigation experience and is a person of obvious intelligence, can comply with the outstanding [discovery] requests on his own." Therefore, Plaintiff is competent to represent himself in this matter.

In addition, pro se Plaintiff has a history of not cooperating with the Court and appointed counsel. To clarify, in pro se Plaintiff's 2015 case against Advocate Health Care, Judge Kendall stated:

> The Court has recruited an attorney to aid the Plaintiff in the filing of an amended complaint based on facts and the law. In spite of this Court's order directing the Plaintiff to meet and discuss his matter with the recruited attorney, Plaintiff has refused to do so and has been obstructionist by challenging the recruited attorney's authority to meet with him and by continually filing letters with the Court. The Plaintiff was warned that this would result in his case being dismissed. He has failed to follow this Court's orders and refused to work with his attorney. The case is dismissed for want of prosecution.

(15 C 9674, Dkt. 31, 3/8/16 Order.) Indeed, Judge Pallmeyer warned Plaintiff in his 2014 lawsuit against Marriott: "Mr. Schindler is reminded that he initiated this lawsuit and is expected to cooperate with discovery and appear in court as ordered." (14 C 4392 , Dkt. 48, 4/13/15 Order.) The Court, therefore, denies pro se Plaintiff's request for attorney representation and expects Plaintiff to behave in a forthright and professional manner in this lawsuit.

**Dated:** April 25, 2018

**AMY J. ST. EVE**
**United States District Court Judge**